NO. 07-03-0235-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 7, 2005

_____

TERRY RAY BENDER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 7499-A; HON. HAL MINER, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Terry Ray Bender (appellant) appeals from an order revoking his probation. His two issues concern the authority of the trial court to enter the order after his probationary period expired and the court formally discharged him from probation. We affirm the order of revocation.

As for the matter of revoking probation after the probationary period expired, authority holds that a trial court may do so if two conditions are met. They consist of the State moving to revoke and obtaining the issuance of a warrant or capias before the period's end. *Ex parte Donaldson*, 86 S.W.2d 231, 233 (Tex. Crim. App. 2002). At bar, it

is undisputed that the motion to revoke was filed and a capias was issued before September 25, 2002, the date on which appellant's community supervision was to lapse. The conditions of *Donaldson* having been satisfied, the trial court had jurisdiction to rule on the motion after September 25, 2002. Thus, this issue is overruled.

As to the allegation that the trial court lacked authority to rescind a prior order discharging appellant from probation and, thereafter, grant a timely motion to revoke, we find the argument insufficiently briefed.[1] In short, appellant cited neither direct nor analogous authority to support his contention.[2] Furthermore, when an appellant inadequately briefs an issue, the reviewing court has the authority to overrule it. *See Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (overruling the point due to inadequate briefing). Moreover, failing to cite either direct or analogous authority in support of a contention is an example of inadequate briefing. *See e.g., id.* Given that lack of citation by appellant in support of this particular contention, we overrule it as well.

Accordingly, the judgment revoking appellant's community supervision is affirmed.[3]


Per Curiam

Do not publish.

---

[1] The trial court signed on November 5, 2002, an order discharging appellant from probation. However, an order vacating the November 5th decree and a judgment revoking appellant's community supervision were signed on December 5, 2002, and May 14, 2003, respectively.

[2] We do not consider appellant's reference to *Ex parte Donaldson*, 86 S.W.2d 231 (Tex. Crim. App. 2002) as either direct or analogous support for this particular issue. This is so because it did not purport to address a situation wherein the court previously executed an order discharging the appellant from probation. Nor does he argue that *Donaldson* actually applies to the specific question before us.

[3] We make no comment on whether this issue may be addressed via habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure.